# FORCHELLI, CURTO, DEEGAN, SCHWARTZ, MINEO & TERRANA, LLP

COUNSELORS AT LAW

THE OMNI
333 EARLE OVINGTON BLVD., SUITE 1010
UNIONDALE, NEW YORK 11553
TELEPHONE: (516) 248-1700
FACSIMILE: (516) 248-1729

**BRIAN J. HUFNAGEL**
BHUFNAGEL@FORCHELLILAW.COM          WEBSITE:WWW.FORCHELLILAW.COM
Direct Dial: (516) 812-6285

October 19, 2017

**VIA ECF**

Hon. Arthur D. Spatt
U.S. District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

    Re:    **Secretary of Labor v. ASIAN MOON OF MASSAPEQUA PARK, INC. dba Asian Moon Restaurant; and VICKIE SUE LI, Individually and as President;
Civil Action No. 12-5169 (E.D.N.Y.) (ADS, ARL)**

           **Secretary of Labor v. ASIAN MOON RESTAURANT CORP. dba Asian Moon Restaurant; and VICKIE SUE LI, Individually and as President;
Civil Action No. 12-5170 (E.D.N.Y.) (ADS, AKT)**

           **Supplement to Proposed Budget**

Dear Judge Spatt:

      Gerard R. Luckman (the "Receiver"), the receiver in the above matters, in response to the Court's request for further delineation regarding the proposed budget, submits this Supplement to the Proposed Budget (Doc. No. 21).

      Thus far, the only financial information the Receiver has obtained from the Defendants is a bank statement for a single month in 2015. We had requested an extension of time to file the Budget –hoping that financials would be produced (requested from the Defendants by letter dated September 1, 2017). Unfortunately, we had to submit the proposed budget in a vacuum, without basic information, which still has not been provided.

      The budget of $10,000 for initial matters includes time for site visits at the two restaurant locations, preparation of a document demand to the Defendants, preliminary meeting(s) with the Defendants' principal Vickie Li, conversations and correspondence with the Department of Labor and the Defendants, and estimated time to prepare a motion to compel the turnover of books and records. The Receiver should have received a full set of financial information from the Defendants weeks ago as required by the Court's Order appointing the Receiver. The

continued non-cooperation by the Defendants is increasing the expected costs of administering the receivership.

The Receiver and the undersigned met with Ms. Li at our offices on September 29, 2017. Ms. Li informed us that she does not use QuickBooks or any other financial software, and does not have monthly or annual financial statements. Consequently we are constrained to analyze the operations of these businesses by an investigation into bank records and tax returns. Additionally, Ms. Li stated that there were other investors in the restaurants, who may have been paid distributions while creditors such as the Department of Labor remained unpaid. She could not name who received what payments from the Defendants. We have also been in contact with the Defendants' accountant who informed us that while he has prepared tax returns for the Defendants, he was not engaged to prepare any financial statements. We are anticipating that, once records are obtained, we will receive bank statements, a check ledger with cancelled checks, and tax returns. The condition of this production will drive the cost to complete the examination.

The projected expense of $15,000 to review the Defendants' finances and prepare an analysis of assets is based on an expectation that no financials exist. Profit and loss statements/estimates – for three businesses – will need to be determined from bank records, a review of leases and payments thereon, review of tax returns, and an analysis of monthly food and labor costs. A determination of gross revenue and profitability is necessary both to determine an amount the restaurants can pay to the Plaintiff on a monthly basis and to determine how much a potential buyer would pay to purchase the businesses.

The Receiver will first attempt to evaluate whether the Judgments can be paid from continued operations of the restaurants. If a payment plan can be put in place, we will avoid the additional expense of selling the businesses. However, in the event a payment plan cannot be put in place, the proposed budget of $20,000 for sale of the businesses is based on the Receiver's experience. Here, we will be selling two businesses and will likely need to negotiate asset purchase agreements with two buyers. Additionally, once a marketing plan is developed with an auctioneer or broker, the Receiver will need to prepare a motion for Your Honor's approval of a sale procedure, as well as approval of the sale after the marking period concludes and buyer(s) are selected.

Finally, the Receiver expects that there will be other expenses, which we cannot predict at this time. For example, the Defendants' accountant informed the Receiver that the Defendants may be behind on sales tax obligations. Understanding these liabilities and the diversion of trust dollars is important in understanding how these restaurants operate. This may cause additional expenses to be incurred, which cannot be identified at this point. The Receiver has estimated $5,000 for miscellaneous unanticipated expenses.

Unfortunately, having received no cooperation from the Defendants, the Receiver has had to estimate the cost of compelling cooperation, reviewing poorly organized financial information, and selling operating businesses without the full cooperation of management.

FORCHELLI, CURTO, DEEGAN, SCHWARTZ, MINEO & TERRANA, LLP
COUNSELORS AT LAW

PAGE - 3 -                                                                                           OCTOBER 19, 2017

      We thank the Court for consideration of this Supplement to the Proposed Budget. Either Mr. Luckman or I are available for a status conference or telephone conference in the event that the Court has further questions.

                                                     Respectfully yours,

                                                     */s/ Brian J. Hufnagel*

                                                   Brian J. Hufnagel

BJH/vmp
cc:    Stacy M. Goldberg, Esq. (via ECF)
        Vicki Li (asianmoon8@yahoo.com)